**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**IN RE: WINROCK GRASS FARMS, INC.**                                             **DEBTOR**

**WINROCK GRASS FARMS, INC.**                                                    **PLAINTIFF**

**VS.                        CASE NO. 4:07MC00013 JMM**

**AFFILIATED REAL ESTATE
APPRAISERS OF ARKANSAS, INC.; ET AL.**                                          **DEFENDANT**

**ORDER**

Pending before the Court are the debtor's Demand for Jury Trial and Motion to Withdraw Reference.   For the reasons stated below, the motion is granted (#2).

The debtor's original Chapter 11 proceeding was commenced in September 2004 and dismissed in June of 2005 upon motion of the United States Trustee.  The Chapter 11 proceeding was voluntarily re-opened by the debtor on August 17, 2007.   On August 24, 2007, the debtor filed this complaint against the defendants as an adversary proceeding in Bankruptcy Court alleging fraud, interference with business expectancy, negligence, and breach of fiduciary duty which are non-core causes of action.  *See  Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995) (core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law.).  The debtor's complaint specifically preserved its right to a jury trial in compliance with Federal Rule of Civil Procedure

1

38 and 39, and Bankruptcy Rule 9015.

After defendants filed their answer to the complaint, the plaintiff filed their motion for a jury trial and to withdraw the reference pursuant to Local Rule 9015-1 and withheld its consent to a jury trial before the Bankruptcy Court.  In its response to the motion, the defendants refused to consent to a jury trial.

Pursuant to Local Rule 9015-1(b), the Bankruptcy Court held a hearing on October 10, 2007 and indicated that it would hold that the debtor had waived its right to a jury trial by filing its adversary proceeding in the Bankruptcy Court and that he would deny the motion for a jury trial.[1]  Before the Court issued a final written order, the debtor filed the Motion to Withdraw The Reference to the Bankruptcy Court in District Court pursuant to Local Rule 83.1 of the Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

---

[1] Local Rule 9015-1 states as follows:

Jury Trial

a. Issues triable as a matter of right by jury shall be by jury. The Federal Rules of Bankruptcy Procedure provide for demanding a jury trial.

b. On motion of a party or on its own motion, the Bankruptcy Court for the Eastern and Western Districts of Arkansas shall determine whether there is a right to jury trial on the issues for which a jury is demanded.

c. If a party is entitled to a jury trial on the issues for which a jury has been demanded and all parties express their consent by filing a statement pursuant to Federal Rule of Bankruptcy Procedure 9015, the Bankruptcy Court shall conduct a jury trial. If any party does not consent, the jury trial issue shall be referred to the appropriate United States District Court for further proceedings.

d. If a jury trial is appropriate for non-core issues and all parties consent to a jury trial, said consent shall also be deemed to be consent for the Bankruptcy Judge to enter a final and dispositive order.

Local Rule 83.1(c) states that "[m]otions to withdraw a reference filed with the Bankruptcy Clerk shall be forwarded to the Clerk of the District Court for a determination by the District Court pursuant to Bankruptcy Rule 5011."  Bankruptcy Rule 5011 states that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."  Based upon these rules, this Court has jurisdiction to address these motions.

District Courts may refer cases under Title 11 to the Bankruptcy Court for disposition pursuant to 28 U.S.C. § 157(a).  Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the District Court under either a mandatory withdrawal or discretionary withdrawal basis.

In providing for discretionary withdrawal, § 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  18 U.S.C. § 157(d).  The second sentence of § 157(d) provides for mandatory withdrawal: "The district court shall on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires a consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 18 U.S.C. § 157(d).

The debtor initially contended that its lack of consent permitted a discretionary withdrawal of the reference.  In its Reply to Defendant's Responses to Demand for Jury Trial and Motion to Withdraw Reference, the debtor added that withdrawal of the reference was mandatory because their causes of actions  requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  Plaintiff contends that their state law claims are related to the Financial Institution Reform,

Recovery and Enforcement Act and other federal regulations.

Defendants contend that withdrawal by the District Court is discretionary and that the debtor voluntarily waived its right to a jury trial by voluntarily selecting the Bankruptcy Court as the forum for adjudication of its state-law causes of action.

The right to a jury trial can, under certain circumstances, amount to cause under the discretionary clause of § 157(d) resulting in it being necessary for the Court to determine if plaintiff has a right to a jury trial. *In re H & W Motor Express Co.*, 343 B.R. 208 (Bankr. N. D. Iowa 2006).

Unless that right has been waived, plaintiff would have a right to a jury trial on his state law claims under Article 2, Section 7 of the Arkansas Constitution. Whether a debtor who files a petition in bankruptcy and a separate adversary proceeding waives its right to a jury trial has been directly addressed by the United States Bankruptcy Court for the Eastern District of Arkansas in *In Re Quales*, 294 B.R. 729 (2003). That case held that

> a voluntary debtor does not forfeit his or her right to a jury trial in every case just by filing a petition in the bankruptcy. Rather, the lawsuit itself must be examined to determine whether it involves an adjustment of the debtor/creditor relationship (such as in the claims allowance process) or whether it is only incidentally related to the equitable process available in bankruptcy.

*Id.* at 732. The Court went on to find that the debtor was entitled to a jury trial because (1) the debtor in *Quales* was suing for money damages" resulting from a conversion and personal property damages;(2) the debtor's lawsuit did not invoke an adjustment of the debtor-creditor relationship; and (3) the defendant was not a creditor.

Here, the debtor is suing for money damages resulting from alleged fraud, interference with business expectancy, negligence, and breach of fiduciary duty. The lawsuit does not invoke

4

an adjustment of the debtor-creditor relationship as defendant Metropolitan National Bank is no longer a creditor and the remaining defendants were never creditors. Based upon the holding in *Quales*, the Court finds that the debtor in this case is also entitled to a jury trial.

Based upon this finding, cause exists to withdraw the reference pursuant to § 157(d) because (1) the debtor has not waived its right to a jury trial; (2) the parties have not consented to a jury trial before the bankruptcy court, and (3) under 28 U.S.C. § 157(e) a Bankruptcy Judge may not conduct a jury trial unless consent is given by all the parties. *See* 28 U.S.C. § 157(e) (bankruptcy judge may conduct a jury trial only if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties).

Because the Court has held that discretionary withdrawal is proper, it will not address the issue of mandatory withdrawal under § 157(d).

IT IS SO ORDERED THIS   7   day of   February  , 2008.

_____
James M. Moody
United States District Judge